**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

DELORES D. FOWLER                                                                          PLAINTIFF

                            v.                                                       Civil No. 13-3032

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                 DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Delores D. Fowler, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disabled widow's insurance benefits ("DWB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A) for the period of March 1, 2006 to August 5, 2009.  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**     **Procedural Background**

      Plaintiff initially applied for DWB on January 10, 2007. (Tr. 35.) Plaintiff alleged an onset date of March 1, 2006 due to depression, anxiety, back pain, neck pain, right leg pain, and heart problems. (Tr. 104.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on December 18, 2008 in front of Administrative Law Judge ("ALJ") Edward Starr.  Plaintiff was present to testify and was represented by a non-attorney Randall Kilgore, her church pastor. (Tr. 828.) The ALJ also heard testimony from Velma Ricketts, a witness for Plaintiff. A Vocational Expert ("VE") was not present. The ALJ sent an interrogatory to VE Sarah Moore on April 14, 2009. (Tr. 160.)

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 55 years old, and possessed a GED obtained after two years of high school, special education track. (Tr. 108.)The ALJ found that Plaintiff had no past relevant work experience ("PRW"). (Tr. 43.)

On August 10, 2009, the ALJ found that Plaintiff's prescribed period began on November 30, 2004, which was the date of her husband's death. She therefore needed to establish that her disability began on or before November 30, 2011 in order to be entitled to disabled widow's benefits. (Tr. 35.) The ALJ concluded that Plaintiff suffered from the following severe impairments: osteoarthritis, rheumatoid arthritis, and mood disorders. (Tr. 37.) The ALJ found that Plaintiff maintained the residual functional capacity to

> occasionally lift/carry 50 pounds and frequently lift/carry 25 pounds. She can sit for six hours and stand/walk for six hours in an eight hour workday. She has moderate restrictions in maintaining social functioning and persistence, pace, and concentration is moderately limited in the ability to understand, remember, and carry out detailed instructions, response appropriately with supervisors, co-workers, and the public. In addition, she can do work in which interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment required, and supervision is simple, direct, and concrete.

(Tr. 39.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as dishwasher/kitchen helper, housekeeper/cleaner, and poultry production/eviscerator and boner. (Tr. 44.)

Plaintiff requested a review by the Appeals Council on August 11, 2009. (Tr. 318.) The Appeals Council declined review on January 21, 2010. (Tr. 1.)

On May 27, 2011, the Court remanded the case for further consideration pursuant to sentence four of 42. U.S.C. § 405(g). Specifically, the Court stated:

Without a recent Physical RFC Assessment, the Court fails to see how the ALJ could adequately assess Plaintiff's RFC in light of her diagnosis of rheumatoid arthritis. The Court therefore finds it appropriate to remand this matter to the ALJ in ode r for him to obtain a Physical Assessment from Dr. Kashi Mufti, or another examining physical. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC, and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the new information and supported by the evidence.

(Tr. 313.)

Based on the Court's remand order, the Appeals Council ("AC") remanded the case back to the ALJ for further administrative proceedings. (Tr. 315, 317.) The AC also noted that the Plaintiff was found disabled as of February 26, 2010, based on a subsequent application. (Tr. 317.) Thus, the remand was to examine the onset of disability prior to February 26, 2010, in accordance with SSR 83-20. (Tr. 317.) The AC stated that the ALJ "may wish to obtain the testimony of a medical expert to address the issue of onset prior to February 2010. (Tr. 317.) The AC also stated that the ALJ "will comply with the court order and take the actions set forth therein.") (Tr. 317.) In using the date of February 26, 2010, the AC appears to have incorrectly used the date Plaintiff became eligible to receive benefits (February 2010) rather than the date that she was actually found to be disabled. (August 6, 2009). (Tr. 320.) Thus, it is assumed that the AC Order should be read substituting August 6, 2009 rather than February 26, 2010.

A second hearing was held by video conference before ALJ Starr on August 23, 2012. (Tr. 267.) Plaintiff was present to testify and was represented by counsel. Velma Ricketts was again present as a witness for Plaintiff. Plaintiff was 58 years old at the time of this hearing. (Tr. 268.) No VE was present to testify, but VE Sara Moore completed an interrogatory on October 2, 2012. (Tr. 515.)

On November 8, 2012, ALJ Starr issued a written opinion, noting that the period at issue in his decision was March 1, 2006 to August 5, 2009, as Plaintiff had been found disabled as of August 6, 2009 in a subsequent application. (Tr. 247.) The Notice of Award states that Plaintiff became disabled as of August 6, 2009 and was therefore eligible for benefits starting in February of 2010. (Tr. 320.)

In his 2012 opinion, ALJ Starr found that the Plaintiff suffered the following severe impairments: osteoarthritis and mood disorder. (Tr. 250.) He found that, during the relevant period, she retained the residual functional capacity to

> understand, remember, and carry out simple, routine, and repetitive tasks; respond to usual work situations and routine work changes; respond to supervision that is simple, direct, and concrete; and interact with supervisors, co-workers, and the public. The claimant could occasionally lift/carry 20 pounds and frequently 10. She could sit for six

3

hours in an 8-hour workday, stand/walk for 6 hours in an 8-hour workday, and frequently finger and handle.

(Tr. 251.) In this opinion, the ALJ found that the Plaintiff had PRW of "cleaner, housekeeping." (Tr. 258.) With the assistance of the VE through interrogatory, he found that Plaintiff could perform her PRW as t is commonly performed. (Tr. 258.)

Plaintiff filed her second appeal on November 20, 2012. (Tr. 242.) There does not appear to be any record of an AC response to this request in the certified transcript, therefore the AC did not assume jurisdiction and the ALJ's decision is the final Agency decision in the case. *See* 20 C.F.R. § 404.984. Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 17. )

## II. Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211,

4

1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III. Discussion

Plaintiff raises three issues on appeal: 1) the ALJ did not comply with the mandates of the May 2011 court remand; 2) the ALJ erred in dismissing the Arthritis RFC by treating Rheumatologist Dr. Rubio; 3) the ALJ failed to develop the record. (Pl.'s Br. 8-12.) This Court agrees that the ALJ made a completely inadequate effort to follow the mandate of the previous court remand.

Section 405(g) expressly grants federal courts the authority of judicial review for final Social Security decisions. Under 405(g) a court may affirm, modify or reverse an Agency decision, with or without remand. When a remand is issued, the Agency is not free to ignore the mandate of the remanding

5

court.[2] Due to the detail and complexity often found in Social Security remands, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989); *see also United Gas Improvement Co. v. Continental Oil Co.* 381 U.S. 392, 406 (1965); *F.C.C. v. Pottsville Broadcasting Co.* 309 U.S. 134, 145 (1940) (administrative agency is bound to act upon corrections of law from reviewing court); *Brachtel v. Apfel*, 132 F.3d 417, 419-20 (8th. Cir. 1997)(law of case doctrine applies to both courts and administrative agencies on remand); *United States. v. Bartsch*, 69 F.3d 864 (8th Cir. 1995) (law of case doctrine often used interchangeably with closely related mandate rule for the principle that a lower tribunal must scrupulously follow the mandate of the reviewing court on remand).

In order to correctly fulfill the mandate of a reviewing court, the Eighth Circuit has long held that an inferior court is bound to follow both the letter and the spirit of a remand. These are to be construed in light of the entire appellate opinion. *Thornton v. Carter*, 109 F.2d 316, 320 (8th Cir. 1940); *see also Poletti v. C.I.R.*, 351 F.2d 345, 347-48 (8th Cir. 1965)(tax court was not permitted to deviate from either letter or spirit of court remand).

In this case, the remanding court was concerned that the ALJ did not have a recent Physical RFC from an examining or treating physician which took her rheumatoid arthritis diagnosis into account. As Plaintiff was found to be disabled as of August 6, 2009 on a second application, the question on this appeal has subsequently been narrowed to examine whether the ALJ had an adequate Physical RFC assessment to determine if Plaintiff was disabled for the period of March 1, 2006 to August 5, 2009.

---

[2]This Court notes for reference that the Seventh and Ninth Circuits have both held that the obduracy of an ALJ in failing to follow a remand may be considered as a factor supporting the award of benefits if the record permits a finding that the claimant is, in fact, disabled. *Wilder v. Apfel*, 153 F.3d 799, 801, 804 (7th Cir. 1998)(because the ALJ's obduracy on remand left the case "exactly where it was last time: with no reasoned basis for the denial of benefits," the court held that it was time to "bring the charade to an end" and award benefits); *Strauss v. Commissioner of the Social Sec. Admin.*, 653 F.3d 1135, 1138 (9th Cir. 2011) ( court may not move directly from finding that ALJ did not comply with remand to an award of benefits "without the intermediate step of analyzing whether, in fact, claimant is disabled"). This Court also notes that the Second Circuit has held that a court may impose time-limits for the agency to process a particular remand. *Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2004).

A review of the record reveals that, despite the clear and simple mandate of the remanding court, the ALJ has yet to obtain a recent Physical RFC from Dr. Kashif Mufti, or another examining physician which considers Plaintiff's rheumatoid arthritis ("RA") for the relevant period.

The record indicates that the Agency mailed a request to Dr. Mufti at UAMS, which was returned undelivered. (Tr. 625.) This apparently constituted the ALJ's entire effort to comply with the remand. There is no indication that either the ALJ or Plaintiff's attorney contacted UAMS to either find Dr. Mufti's new location, or to have another UAMS rheumatologist examine Plaintiff using Dr. Mufti's records. Nor is there any indication that the Agency ordered a consultative examination with any rheumatologist who could evaluate Plaintiff's current condition and estimate possible prior RA onset dates as recommended by the AC pursuant to SSR 83-20.

Plaintiff submitted a Physical RFC Assessment from treating rheumatologist Dr. Ronald Rubio to the AC in 2010 as part of Plaintiff's second application. (Tr. 601.) Dr. Rubio had seen Plaintiff three times at that point, starting in February 2010. Unfortunately for this appeal, it does not appear that the form given to him by Plaintiff's attorney addressed the specific time frame in question. Rather, it addressed current limitations and asked the earliest date to which the current limitations might apply. (Tr. 602.) Dr. Rubio opined that the current limitations would only apply starting December 2009. (Tr. 603.) Understandably, the ALJ gave this RFC "little weight" in the evaluation of onset prior to August 6, 2009. (Tr. 257.)

A Physical RFC by non-examining Agency physician Dr. Jerrye Woods, M.D., was completed on April 4, 2010 as part of the second application. (Tr. 610- 17.) This is the most recent Physical RFC in the combined record. It is not from an examining physician. It does not address onset date.

Thus, just over three years past the remand order on Plaintiff's first appeal, and seven years after Plaintiff first filed for benefits, there is still no recent Physical RFC Assessment by a treating or examining physician which addresses Plaintiff's RA onset date for the relevant appeal period. Thus, the ALJ has yet

7

to follow either the letter or the spirit of the first remand. Therefore, this Court must order a second remand.

On remand, the ALJ is once again directed to obtain a Physical RFC assessment from an *examining or treating* rheumatologist. The rheumatologist should specifically evaluate the possible progression of Plaintiff's RA and provide an estimated onset date. Only then will the ALJ have a "legitimate basis" upon which the ALJ can make a reasonable inference about Plaintiff's onset date pursuant to SSR 83-20. Once this information is received, the ALJ is directed to re-evaluate Plaintiff's RFC and then address that information to a VE.

The Agency is urged to consider assigning this second remand to a different ALJ.

### IV. Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 28th day of July 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)